UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ORLANDO CORDIA HALL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil No. 4:19-CV-258-Y |
| | § | [Criminal No. 4:94-CR-121(2)-Y] |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent, | § | |

ORDER GRANTING MOTION TO TRANSFER SUCCESSIVE MOTION TO VACATE

The matter before the Court is the motion (ECF no. 4) requesting that the court either hold this case in abeyance or, alternatively, transfer movant's third Section 2255 motion to vacate his sentence to the United States Court of Appeals for the Fifth Circuit.

For the reasons discussed in the Government's Response to Hall's motion (Doc. 13), this court lacks jurisdiction over Hall's third motion to vacate, filed March 28, 2019 (Doc. 1). The parties agree Hall did not obtain permission from the Fifth Circuit to file his third motion to vacate his sentence before so doing. Under such circumstances, this court lacks jurisdiction over his third motion to vacate. *See United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015) (the question of whether a second or successive motion to vacate is in fact successive is a threshold jurisdictional matter). Therefore, Hall's third motion to vacate will be transferred to the Fifth Circuit for the determination necessary under 28 U.S.C. §§ 2244(b) & 2255(h).

By way of background, in 1995 a jury convicted Hall of multiple federal felonies, including his involvement in the kidnaping, rape, and murder of a teenage girl, an offense in which Hall struck the victim in the head with a shovel, poured gasoline over her, and helped bury her alive.

The Fifth Circuit's opinion affirming Hall's convictions and sentence of death recites the gruesome details. *United States v. Hall*, 152 F.3d 381 (5th Cir. 1998). The United States Supreme Court later denied certiorari. *Hall v. United States*, 526 U.S. 1117 (1999).

Hall filed his first motion to vacate, set aside, or correct his sentence not later than September 18, 2002, the date he filed his second amended motion to vacate (Doc. 1069 in his criminal proceeding). This court denied Hall's first motion to vacate his sentence. *Hall v. United States*, 2004 WL 1908242 (N.D. Tex. Aug. 24, 2004). The Fifth Circuit subsequently denied a Certificate of Appealability. *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006). The Supreme Court denied certiorari review. *Hall v. United States*, 549 U.S. 1343 (2007).

On May 24, 2016, Hall filed his second motion to vacate his sentence (Doc. 1195 in his criminal proceeding). The Fifth Circuit thereafter denied Hall permission to proceed with his successive motion to vacate (Doc. 1199 in his criminal proceeding).

On March 28, 2019, Hall filed his third motion to vacate, presenting variations on many of the same themes he included in his second such motion (Doc. 1). Hall also filed a motion asking this court to either hold this proceeding in abeyance while he pursues permission from the Fifth Circuit to file his successive motion to vacate or to transfer his latest motion to vacate to the Fifth Circuit (Doc. 4). The Government opposes abeyance and argues transfer will be superfluous because Hall already has a pleading pending before the Fifth Circuit requesting permission to proceed with his third motion to vacate (Doc. 13). Hall argues transfer is preferable because such action avoids possible limitations issues should the Fifth Circuit grant him leave to proceed with his third motion to vacate (Doc. 14). Neither party has furnished the court with a copy of the pleading Hall filed in the Fifth Circuit.

The court will grant Hall's alternative request that his third motion to vacate be transferred to the Fifth Circuit in accordance with 28 U.S.C. § 1631 and sections 2244(b) and 2255(h).

Accordingly:

1.     The Government's unopposed motion for extension of time, filed June 17, 2019 (Doc. 12), is **GRANTED**.

2.     Hall's motion to transfer his third motion to vacate to the Fifth Circuit, filed March 28, 2019 (Doc. 4), is **GRANTED**.

3.     Hall's third motion to vacate (Doc. 1) is **TRANSFERRED** to the Fifth Circuit in accordance with 28 U.S.C. § 1631 and sections 2244(b) and 2255(h).

4.     Hall's alternative motion to hold this case in abeyance (Doc. 4) is **DISMISSED** AS MOOT.

SIGNED July <u>19</u>, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE