

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

+1 312 853 2936
RHOCHMAN@SIDLEY.COM

AMERICA ● ASIA PACIFIC ● EUROPE

August 22, 2019

**Via ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

Re:     *In re: Orlando Cordia Hall*, No. 19-10345

Dear Mr. Cayce:

Since submitting his letter brief on August 15, Mr. Hall has become aware that three additional Courts of Appeals have concluded that, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), kidnapping under 18 U.S.C. § 1201(a) is not a crime of violence. Pursuant to Fed. R. App. P. 28(j), Mr. Hall writes to apprise the Court of this fast-growing consensus.

In his August 15 letter brief, Mr. Hall explained that § 1201(a) kidnapping is not categorically a crime of violence because it can be accomplished without the use or threat of violent physical force. *See* Hall's Ltr. Br. at 2-5 (Aug. 15, 2019). The following supplemental authorities further support that conclusion:

- *United States v. Walker*, --- F.3d ---, No. 15-4301, 2019 WL 3756052, at \*3 (4th Cir. Aug. 9, 2019) (finding clear error and concluding that "because both requirements of 18 U.S.C. § 1201(a) may be committed without violence, kidnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A)").

- *United States v. Brazier*, --- F.3d ---, No. 16-4258, 2019 WL 3774126, at \*4 (7th Cir. Aug. 12, 2019) (finding plain error because "[u]nder

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

the categorical method of analysis that applies to both the elements and residual clauses of the definition of crimes of violence in 18 U.S.C. § 924(c), [defendants'] convictions for kidnapping and demanding ransom cannot support the mandatory . . . sentences imposed under § 924(c)").

- *United States v. Sanford*, --- Fed. App'x ---, No. 17-1338, 2019 WL 3812544, at *2 (10th Cir. Aug. 14, 2019) ("Both [defendant] and the government agree that the predicate offenses for [defendant's] § 924(c) conviction—kidnapping and conspiracy to kidnap—could only qualify as 'crimes of violence' under § 924(c)(3)(B)'s residual clause. Thus, as the parties also agree, it is clear that, in light of *Davis*, [defendant's] § 924(c) conviction and sentence cannot stand.").

These authorities further support Mr. Hall's request that this Court grant Mr. Hall authorization to proceed with his successive § 2255 motion.

Sincerely,

*/s/ Robert N. Hochman*
Robert N. Hochman

cc: All Counsel of Record by CM/ECF System

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered CM/ECF participants.

*s/ Benjamin Gillig*

## CERTIFICATE OF COMPLIANCE

This letter complies with Fed. R. App. P. 28(j) because the body of the letter contains 341 words.

I further certify that this letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this letter has been prepared in Times New Roman 14 point font, a proportionally spaced typeface, using Microsoft Word 2016. This letter has been scanned for viruses with CB Defense 3.1.0.100 and found free of viruses.

*s/ Benjamin Gillig*