# 19-10345

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

## IN RE ORLANDO CORDIA HALL,
Movant

On Appeal from the United States District Court
For the Northern District of Texas
Fort Worth Division
District Court No. 4:94-CR-121-Y-2

## RESPONSE OF THE UNITED STATES OF AMERICA
## IN OPPOSITION TO THE APPLICATION FOR LEAVE TO FILE A
## SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

Erin Nealy Cox
United States Attorney

Leigha Simonton
Chief, Appellate Division
Texas Bar No. 24033193

Brian McKay
Deputy Chief, Appellate Division
Texas Bar No. 24046395

Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838

U.S. Attorney's Office
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8660

Attorneys for Appellee

## STATEMENT REGARDING ORAL ARGUMENT

The government's brief acknowledges two things: (1) the rule of *Davis* is one of the rare rules that satisfies 28 U.S.C. § 2255(h)(2), and (2) this Court might find that Hall has made a showing sufficient to allow the district court to consider his proposed *Davis* claim. Given those acknowledgements, oral argument is not likely to help the Court determine whether to authorize Hall's successive motion under Section 2255(h)(2).

i

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT.....................................i

TABLE OF AUTHORITIES ......................................................................iii

STATEMENT OF JURISDICTION........................................................1

STATEMENT OF THE ISSUES ............................................................1

STATEMENT OF THE CASE.................................................................1

    1.    A jury finds Hall guilty of kidnapping resulting in death, carrying a firearm during that crime of violence, and other unchallenged convictions ...................................................................... 1

    2.    This Court affirms Hall's conviction in 1998 and denies his request for successive authorization in 2016. ...............................3

    3.    Hall now seeks authorization to proceed with a successive Section 2255 motion ................................................................. 4

SUMMARY OF THE ARGUMENT..........................................................5

ARGUMENT AND AUTHORITIES.........................................................6

    1.    The rule of *Davis* satisfies Section 2255(h)(2). .............................6

    2.    Although Hall's position is unmeritorious, this Court has held that a *Davis* challenge to a Section 924(c) conviction moored to kidnapping satisfied the prima facie showing.............................9

CONCLUSION....................................................................................... 12

CERTIFICATE OF SERVICE ............................................................... 12

CERTIFICATE OF COMPLIANCE ....................................................... 13

# TABLE OF AUTHORITIES

**Federal Cases**                                                    **Page(s)**

*In re Dixon*, 799 F. App'x 308 (5th Cir. 2020)............................................. 9, 11

*In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019)............................................8

*In re Hearn*, 418 F.3d 444 (5th Cir. 2005) .......................................4

*In re Matthews*, 934 F.3d 296 (3d Cir. 2019)......................................9

*In re Mullins*, 942 F.3d 975 (10th Cir. 2019).......................................8

*In re Robinson*, 917 F.3d 856 (5th Cir. 2019),
  *cert denied*, 140 S. Ct. 1128 (2020) ..............................................10

*In re Salazar*, 443 F.3d 430 (5th Cir. 2006)......................................10

*In re Sparks*, 657 F.3d 258 (5th Cir. 2011)................................................6, 7, 8

*In re Wiese*, 896 F.3d 720 (5th Cir. 2018)........................................10

*Teague v. Lane*, 489 U.S. 288 (1989)................................................7

*Tyler v. Cain*, 533 U.S. 656 (2001)...........................................6, 7, 8

*United States v. Davis*, 139 S. Ct. 2319 (2019) ...................................4

*United States v. Hall*, 152 F.3d 381 (5th Cir. 1998)....................................1, 2, 3

*United States v. Hall*, 455 F.3d 508 (5th Cir. 2006)......................................3

*United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ...................................6, 8

*Welch v. United States*, 136 S. Ct. 1257 (2011) ...............................................8

**Federal Statutes**                                    **Page(s)**

28 U.S.C. § 2255(h) .................................................................. 4

28 U.S.C. § 2255(h)(2) ...................................................... 6, 10

28 U.S.C. § 2244(b)(3)(C) ..................................................... 10

**STATEMENT OF JURISDICTION**

Hall seeks leave to file a successive motion under 28 U.S.C. § 2255.

This Court has jurisdiction to rule on his request under 28 U.S.C.

§ 2244(b)(3)(A).

**STATEMENT OF THE ISSUES**

1.  Does the rule of *Davis* satisfy the stringent requirements of 28 U.S.C. 2255(h)(2)?

2.  Has Hall made at least a prima facie showing that he is entitled to relief under *Davis*?

**STATEMENT OF THE CASE**

**1.  A jury finds Hall guilty of kidnapping resulting in death, carrying a firearm during that crime of violence, and other unchallenged convictions.**

Hall's coconspirators shattered the glass door of an apartment with a baseball bat. *See United States v. Hall*, 152 F.3d 381, 389 (5th Cir. 1998). Inside, Lisa Rene, a 16-year old high-school student, was on the phone with 9-1-1. *Id.* The coconspirators tackled her and dragged her to a car where Hall and another man were waiting. *Id.* Hall raped her. *Id.* They then drove her to Arkansas, where she was tied to a chair and raped repeatedly. *Id.* The next day, Hall and a coconspirator went into the bathroom with her; Hall came out and told his coconspirator that their victim "kn[e]w too much." *Id.* Hall dug her grave in a nearby park, and he led her—blindfolded—to the grave site. *Id.* at 389-90. He covered her head with a sheet and then hit her in the head with

1

a shovel. *Id.* at 390. She tried to flee, but she was tackled. *Id.* at 390. Hall and another man then took turns hitting her with the shovel. *Id.* The other man then gagged her, dragged her into her grave, poured gasoline over her, and buried her. *Id.*

The United States charged Hall with interstate kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count One), conspiracy to commit kidnapping (Count Two), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count Three), and using or carrying a firearm during and in relation to a crime of violence (Count Six). *See United States v. Hall*, 4:94-CR-121-Y-2, Dkt. No. 15 (N.D. Tex. Nov. 22, 1994) (Superseding Indictment). Specifically, Count Six alleged that the four named defendants "aided and abetted by each other, did knowingly use and carry, firearms, during and in relation to a crime of violence, namely, kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation Title 18, United States Code, Section 1201(c)." *Hall*, 4:94-CR-121-Y-2, Dkt. No. 15 at 8.

At the guilt phase, the district court instructed the jury as to the elements of Count One:

First: That the defendant, knowingly acting contrary to the law, kidnapped, seized, confined, or inveigled the person described in the indictment, Lisa Rene, as charged;

<table>
<tr><td>Second:</td><td>That the defendant held such person for ransom, reward, or some other benefit that the defendant intended to derive from the kidnapping;</td></tr>
<tr><td>Third:</td><td>That the defendant intentionally transported such person in interstate commerce while so kidnapped, confided, or inveigled; and</td></tr>
<tr><td>Fourth:</td><td>That the death of Lisa Rene resulted.</td></tr>
</table>

*Hall*, 4:94-CR-121-Y-2, Dkt. No. 444 at 10. And to find Hall guilty of Count Six—the Section 924(c) count—the court instructed the jury that it must find:

<table>
<tr><td>First:</td><td>That the defendant committed the crime of interstate kidnapping as alleged in Count One of the Indictment; and</td></tr>
<tr><td>Second:</td><td>That the defendant knowingly used or carried a firearm during and relation to the defendant's commission of the crime of interstate kidnapping.</td></tr>
</table>

*Hall*, 4:94-CR-121-Y-2, Dkt. No. 444 at 16.

The jury found Hall guilty on all four counts, and—following the penalty phase—recommended that Hall be sentenced to death on Count One. *See Hall*, 152 F.3d at 390. The district court sentenced Hall to death on Count One, a term of life in prison on Count Two, a concurrent, 60-month term on Count Three, and a consecutive term of 60 months on Count Six. *Id.*

**2. This Court affirms Hall's conviction in 1998 and denies his request for successive authorization in 2016.**

This Court affirmed Hall's conviction and sentence in 1998. *See id.* at 389. In 2006, this Court affirmed the denial of Section 2255 relief. *See United States v. Hall*, 455 F.3d 508 (5th Cir. 2006). And it denied Hall's request to file

a successive Section 2255 motion in 2016. *See In re: Hall*, No. 16-10670 (5th Cir. June 20, 2016).

**3. Hall now seeks authorization to proceed with a successive Section 2255 motion.**

Hall now seeks authorization from this Court to file a successive Section 2255 motion. To warrant authorization, Hall must show that his proposed Section 2255 motion contains either newly discovered evidence that would establish his innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). Hall relies only on Section 2255(h)'s "new rule" prong to argue that *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated Section 924(c)'s residual clause. *See In Re Hall*, No. 19-10345, Dkt. No. 1 at 7-8 (5th Cir. Mar. 28, 2019).

In response to this Court's order for supplemental letter briefs on the impact of *Davis* on Hall's request for authorization, the government explained that "[i]f this Court determines that Hall has made a prima facie showing—that is, 'sufficient, albeit slight, merit' to warrant the district court's further exploration of his Davis claim, *see In re Hearn*, 418 F.3d 444, 447-48 (5th Cir. 2005), then it should authorize his successive Section 2255 motion." (Supp. Ltr. Brief at 8.) Because the government acknowledged that the rule of *Davis* satisfies the stringent requirements of Section 2255(h)(2), this Court invited

amicus to argue "in support of the view that we should deny the petition because the Supreme Court has not yet held that *Davis* applies retroactively, as AEDPA requires under 28 U.S.C. § 2255(h)(2)." (3/18/20 Order.) Amicus has filed a brief in support of that position, and the government's response now follows.

## SUMMARY OF THE ARGUMENT

The Justices in *Davis* did not decide whether the new rule would be applied retroactively. Nevertheless, the rule of *Davis* satisfies the stringent requirements of Section 2255(h)(2) because, in a combination of prior cases, the Supreme Court has "necessarily made" the rule of *Davis* retroactive.

Moreover, this Court might find that Hall has made a prima facie showing that his claim relies on the rule of *Davis*. The government maintains that the federal kidnapping statute, 18 U.S.C. § 1201(a), is divisible and that the aggravated offense of kidnapping causing death offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A). Because neither this Circuit nor any of the sister circuits has yet addressed those issues, and because this Court has found a prima facie case with respect to generic kidnapping, however, the government recognizes that the Court might find that Hall has satisfied the minimal prima facie showing required to satisfy Section 2255(h).

## ARGUMENT AND AUTHORITIES

**1.      The rule of *Davis* satisfies Section 2255(h)(2).**

Before Hall can file a successive collateral attack under Section 2255, this Court must certify that his proposed claim for relief is "premised" on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011); *accord* 28 U.S.C. § 2255(h)(2).

The government, Hall, and amicus agree that the rule of *Davis* is a new rule of constitutional law that was previously unavailable to Hall.  (Brief for Amicus at 4; Hall's Supp. Ltr. Brief at 2.)  Amicus disagrees, however, with the parties' determination that the Supreme Court has made the rule of *Davis* retroactively applicable to cases on collateral review.

The rule of *Davis* is one of the rare rules that satisfies the stringent requirements of Section 2255(h)(2).  Although in *Davis* itself "[t]he Court did not state whether *Davis* would apply retroactively," *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019), the Supreme Court has necessarily dictated that *Davis* is retroactive under the Court's rubric set out in *Tyler v. Cain*.  There, the Supreme Court recognized that it could make a rule retroactive within the meaning of 28 U.S.C. § 2244 "with the right combination of holdings." 533 U.S. 656, 666 (2001).  "Multiple cases can render a new rule retroactive only if

the holdings in those cases necessarily dictate retroactivity of the new rule."

*Id.*

The Supreme Court has set out two categories of new rules that are "retroactive in nature." *Sparks*, 657 F.3d at 261 (discussing *Teague v. Lane*, 489 U.S. 288 (1989). Only the first category is relevant here. A rule in that category is "deemed retroactive if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* (quoting *Teague*, 489 U.S. at 307).[1] A new rule, announced by the Supreme Court, that fits within that category is "the paradigmatic example of multiple holdings that together 'necessarily dictate' retroactivity." *Id.*

Justice O'Connor explained this paradigm in her concurrence in *Tyler*:

> It is relatively easy to demonstrate the required logical relationship with respect to the first exception articulated in *Teague*[.] Under this exception, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" When the Court holds as a new rule in a subsequent case that a particular species of primary, private individual conduct is beyond the power of the criminal lawmaking authority to proscribe, it necessarily follows that this Court has "made" that new rule retroactive to cases on collateral review. The Court has done so through its holdings alone, without resort to dicta and without any application of principles by lower courts.

---

[1] *Teague*, in turn, was quoting from Justice Harlan's concurrence in *Mackey v. United States*, 401 667, 692 (1971).

*Tyler*, 533 U.S. at 669 (O'Connor, J. concurring).  A panel of this Court followed the logic from that "helpful explanatory concurrence" in *Sparks*.  *See Sparks*, 657 F.3d at 261-62.

Applying those principles, the Supreme Court has necessarily made the rule of *Davis* retroactive.  "The rule announced in *Davis* meets the standard for a new substantive rule."  *Reece*, 938 F.3d at 635.  "That conclusion is reinforced by *Welch* [*v. United States*, 136 S. Ct. 1257 1257 (2011)]."  *Id.*  The rule of *Davis* "narrows the scope of conduct for which punishment is now available," *Reece*, 938 F.3d at 635, and such "substantive" rules "have retroactive effect in cases on collateral review," *Welch*, 136 S. Ct. at 1268.

The government's view that *Davis* is retroactive is shared by every court of appeals that has addressed this issue in a published decision.[2]  *See In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) (concluding that "the Supreme Court has made *Davis* retroactively applicable to cases on collateral review"); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("[F]or purposes of § 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced.");

---

[2] And the government is not aware of any circuit court that has concluded that the rule of *Davis* does not satisfy Section 2255(h)(2).

*see also In re Matthews*, 934 F.3d 296, 298 (3d Cir. 2019) (holding that it is "undisputed" that *Davis* satisfies Section 2255(h)(2) under the Third Circuit's gatekeeping standards).

And the government is aware of at least four orders from this Court authorizing successive Section 2255 motions based on *Davis*. *See In re Dixon*, 799 F. App'x 308, 309 (5th Cir. 2020) (granting successive authorization to pursue a *Davis* claim); *see also In re Bocanegra*, No. 20-10311 (5th Cir. June 2, 2020) (same); *In re Hays*, No. 19-11354 (5th Cir. Jan. 23, 2020) (same); *In re Diggs*, No. 19-11349 (5th Cir. Jan. 23, 2020) (same); *but see In re Williams*, No. 19-10522 (stating, in dicta, that the Supreme Court "has not stated that its holding in *Davis*, a case on direct review, applies retroactively on collateral review of a criminal conviction.").

In sum, the Supreme Court's decision in *Davis*, taken together with its decision in *Welch*, necessarily dictates that *Davis* is retroactively applicable. The rule of *Davis* thus satisfies Section 2255(h)(2)'s stringent standard.

**2.    Although Hall's position is unmeritorious, this Court has held that a *Davis* challenge to a Section 924(c) conviction moored to kidnapping satisfied the prima facie showing.**

At this stage, the Court may authorize Hall's successive motion only if his application makes a prima facie showing that his claim relies on the new rule of constitutional law that has been made retroactive by the Supreme

Court. 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2). This showing does not require the Court to fully resolve the claim's merits: "A 'prima facie showing' is simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Robinson*, 917 F.3d 856, 868 (5th Cir. 2019) (quotation marks omitted), *cert denied*, 140 S. Ct. 1128 (2020). "That standard is satisfied where the movant puts forth minimally sufficient evidence to make a prima facie case such that there is sufficient, albeit slight, merit in the petitioner's motion to warrant further exploration by the district court." *Id.* (quotation marks and alterations omitted). That is not to say that a prima facie showing precludes all consideration of the merits. *See In re Salazar*, 443 F.3d 430, 431-34 (5th Cir. 2006) (considering whether defendant made a prima facie showing of mental retardation). Simply alleging that the claim is based on the new Supreme Court decision is not enough. *See id.* (scrutinizing claim of mental retardation). And a defendant has to make a sufficient showing that the new decision actually comes into play in their case—more than just that it possibly did. *See, e.g.*, *In re Wiese*, 896 F.3d 720, 724 (5th Cir. 2018).

Here, Hall contends that *Davis* renders his Section 924(c) conviction invalid because it was attached to an offense that could be classified as a crime of violence only under the now-defunct provision of Section 924(c)(3)(B). The operative superseding indictment attached the firearm count to two counts:

one for kidnapping causing death (Count One) and the other for conspiracy to commit kidnapping (Count Two). *See Hall*, 4:94-CR-121-Y-2, Dkt. No. 15 at 8. The jury instructions, however, directed the jury to consider only the substantive kidnapping charge. *Hall*, 4:94-CR-121-Y-2, Dkt. No. 444 at 16.

For reasons explained in the government's letter brief, Hall's conviction for kidnapping causing death continues to qualify as a crime of violence that can support his Section 924(c) conviction. The government recognizes, however, that this Court recently authorized the successive motion of an applicant seeking to challenge his Section 924(c) conviction attached to a generic kidnapping count. *In re Dixon*, 799 F. App'x at 309. The aggravated offense of kidnapping causing death is meaningfully different; however, neither this Circuit nor any of its sister circuits has yet addressed whether that offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A). In light of this, the government recognizes that the Court might find that Hall has satisfied the minimal prima facie showing required to satisfy Section 2255(h).

## CONCLUSION

If this Court finds that Hall has made a prima facie showing of relief under *Davis*, the Court should authorize his successive Section 2255 motion.

Respectfully submitted,

Erin Nealy Cox
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

Attorneys for Appellee

## CERTIFICATE OF SERVICE

I certify that on June 15, 2020, this document was served on Hall's counsel, Robert N. Hochman, through the Court's ECF system, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,568 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Date: June 15, 2020