

**U.S. Department of Justice**
United States Attorney
Northern District of Texas

---

*1100 Commerce St. 3rd Floor*          *Telephone (214) 659-8600*
*Dallas, Texas 75242*                  *Fax (214) 659-8602*

July 13, 2020


Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130-3408

Re:    *In re Hall*, No. 19-10345
       Letter pursuant to Fed. R. App. P. 28(j)

Mr. Cayce:

The government directs the Court to two opinions published in the last week:  (1) *King v. United States*, ___ F.3d ___, 2020 WL 3887869 (1st Cir. Jul. 10, 2020), and (2) *In re Price*, ___ F.3d ___, 2020 WL 3790532 (11th Cir. Jul. 7, 2020).  Both decisions are relevant to questions presented here.

First, in *King*, the First Circuit held that the rule of *Davis* satisfies 28 U.S.C. § 2255(h)(2).  2020 WL at 3887869, *3.  The First Circuit joined the Third, Sixth, Tenth, and Eleventh Circuits in so holding—and no circuit has gone the other way.  *See In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020), *In re Hammoud*, 931 F.3d 1032, 1037-38 (11th Cir. 2019); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019), *In re Mullins*, 942 F.3d 975, 978-79 (10th Cir. 2019).

Second, like Hall, Price asked the Circuit Court for successive authorization to raise a *Davis* claim.  *Price*, 2020 WL 3790532, at * 3.  Price's indictment listed two predicate crimes for each of his two firearm charges—substantive bank robbery and conspiracy to commit bank robbery.  *Id.*  But Price's jury instructions—just like the instructions here—made clear that the firearm crimes attached *only* to the substantive crimes.  *Id.*  Because *Davis* had no impact on firearm convictions predicated on those crimes, Price could not make even a prima facie showing of relief under *Davis*.  *Id.*  So the Eleventh Circuit denied his motion for authorization to press those claims.  *Id.*

In ruling on Hall's request for successive authorization, this Court should not create a split among the Circuits on the question of whether *Davis* satisfies Section 2255(h)(2). It does.

That leaves the question of whether Hall has made a prima facie showing of relief under *Davis*. In deciding that question, this Court must examine the same predicate crime that the jury did—capital kidnapping resulting in death—to decide whether Hall has made a prima facie showing that it cannot satisfy Section 924(c)'s elements clause.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney

cc:     Robert N. Hochman, Esq.
        (*via* ECF filing)

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R. App. P. 28(j) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 330 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

_s/ Jonathan Bradshaw_
Jonathan Bradshaw
Assistant United States Attorney
Date: July 13, 2020