

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

+1 312 853 2936
RHOCHMAN@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

August 28, 2020

**Via ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

Re:    *In re: Orlando Cordia Hall*, No. 19-10345

Dear Mr. Cayce:

Pursuant to Fed. R. App. P. 28(j), Mr. Hall submits this response to the government's August 24, 2020, letter concerning *United States v. Ross*, --- F.3d ---, 2020 WL 4590124 (8th Cir. Aug. 11, 2020). Respectfully, this Court need not consider *Ross* at this juncture. Moreover, *Ross* is inapt.

The government's force-clause arguments concern the merits of Mr. Hall's motion, and should be reserved to the district court. *See* June 15 Br. at 17-18. Addressing them now would require taking sides on whether § 1201(a) is divisible, a question on which other courts have disagreed. *Compare Ross*, 2020 WL 4590124, at *3, *with United States v. Gillis*, 938 F.3d 1181, 1204 (11th Cir. 2019). Mr. Hall's motion for authorization, where he need only show that he "might be entitled to relief," is not the occasion to answer it. *In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011) (per curiam).

What's more, there is good reason to believe this Court, when it considers the issue in an appropriate case, will reject *Ross*'s conclusion. *Ross* relies on the premise that "causing death" requires force because § 1201(a) kidnapping is "akin to" felony murder, which permits transferring a defendant's intent to commit one element (e.g., unlawful holding of another) to another element (e.g., causing death). *Ross*, 2020 WL 4590124, at *4-5. This Court has rejected that premise, concluding that the

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

plain text of §1201(a) imposes strict liability for "causing death." *See United States v. Hall*, 152 F.3d 381, 416-17 (5th Cir. 1998).

More fundamentally, *Ross* does not rely on the force clause; it reverts to a version of the residual clause. *Ross* defines "use of force" to mean crimes like "robbery and kidnapping that *carry a grave risk* of death." *Ross*, 2020 WL 4590124, at *5 (emphasis added); *see also id.* at *10 & n.3 (Stras, J., dissenting). "[C]riminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019). But *Ross* does exactly that.

Sincerely,

**_s/ Robert N. Hochman_**

cc: All Counsel of Record by CM/ECF System

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered CM/ECF participants.

*s/ Robert N. Hochman*


## CERTIFICATE OF COMPLIANCE

This letter complies with Fed. R. App. P. 28(j) because the body of the letter contains 345 words.

I further certify that this letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this letter has been prepared in Times New Roman 14 point font, a proportionally spaced typeface, using Microsoft Word 2016. This letter has been scanned for viruses with CB Defense 3.1.0.100 and found free of viruses.

*s/ Robert N. Hochman*