# 19-10345

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**IN RE ORLANDO CORDIA HALL,**
Movant

On Appeal from the United States District Court
For the Northern District of Texas
Fort Worth Division
District Court No. 4:94-CR-121-Y-2

**UNITED STATES' MOTION TO EXPEDITE RESOLUTION OF
HALL'S APPLICATION FOR LEAVE TO FILE A SUCCESSIVE
MOTION UNDER 28 U.S.C. § 2255**

Orlando Hall has filed an application for authorization to file a successive motion under 28 U.S.C. § 2255. Briefing is completed, and the Court heard argument on July 21, 2020. In light of a significant recent development regarding Hall's eligibility for execution, the government respectfully asks that this Court expedite its ruling on Hall's application.

Hall was convicted and sentenced to death in 1996. In 2006, the U.S. District Court for the District of Columbia entered a preliminary injunction barring his execution based on a challenge to the then-extant federal lethal-injection protocol. For a variety of reasons, that preliminary injunction

1

remained in place for the next 14 years, until the district court last Sunday vacated the injunction in connection with an order denying relief to Hall and other federal death-row inmates on their challenge to the current federal protocol. *In re Fed. BOP Execution Protocol Cases*, 2020 WL 5604298, at *4 (D.D.C. Sept. 20, 2020). As a result of the district court's vacatur of the injunction, Hall is now eligible to be scheduled for execution, and the Attorney General may announce an execution date at any time. In light of these developments, the government respectfully requests that the Court expedite its resolution of his application for authorization to file a successive motion.

Hall's current claims do not raise any jurisdictionally proper challenge to his death sentence. Even if this Court were to grant Hall authorization to pursue successive Section 2255 relief in the district court, he could seek to attack only his Count Six conviction under 18 U.S.C. § 924(c) and resulting mandatory 60-month imprisonment sentence. By contrast, Hall has not raised a challenge to his death sentence on his Count One conviction for interstate kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1), that he could properly pursue in this successive Section 2255 motion.

In an effort to translate his current successive collateral attack into a challenge of his death sentence, Hall has essentially moved this Court to certify two claims under 28 U.S.C. § 2255(h)(2): (1) an attack on his conviction under

18 U.S.C. § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and (2) an argument that he must be resentenced on all of his other convictions, including Count One, on which he was sentenced to death. *See Hall v. United States*, No. 4:19-CV-258-Y, Dkt. No. 1, at 10-13, 16 (N.D. Tex. Mar. 28, 2019) (Proposed Section 2255 Motion). As the government has explained in prior submission, Hall has not made a prima facie showing that he is entitled to relief on his first claim under *Davis* because capital death-results kidnapping—the crime on which Hall's Section 924(c) conviction is predicated—remains a crime of violence after *Davis*. (Supp. Ltr. Brief at 4-8); *see United States v. Ross*, 969 F.3d 829, 837-40 (8th Cir. 2020). But even if this Court disagrees and authorizes a successive Section 2255 motion, it should make clear that any authorization is limited to Hall's claim that his Section 924(c) conviction is unconstitutional.

The Court should not authorize Hall to use the rule of *Davis* to attack his death sentence arising from a different count, against which he has no constitutional argument, let alone one that would satisfy 28 U.S.C. § 2255(h)(2). Hall's attack on his death sentence does not rely on the rule of *Davis*. *Davis* held that one provision of Section 924(c) was unconstitutionally vague, but that holding has nothing to do with the validity of Hall's conviction under the federal kidnapping statute. *See* Proposed Section 2255 motion at 16

(conceding that "[*Davis*][1] does not affect Mr. Hall's conviction on Count 1," but arguing that his death sentence "nevertheless must fall as a consequence of invalidating his conviction on Count 6, the § 924(c) violation"). Rather, Hall argues that because his Section 924(c) conviction is infirm, he is entitled to an entirely new sentencing proceeding on a different count because his death sentence "is sufficiently tainted." *Id.* at 19.

But that argument does not satisfy the requirements of Section 2255(h)(2), so Hall cannot invoke this Court's jurisdiction under that Section to challenge his death sentence. It is not enough for Hall to claim that *Davis* is a piece of his argument for setting aside his death sentence—Hall must make at least a prima facie showing that his claim relies on the rule of *Davis*. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). For Hall's argument about his death sentence, he cannot do so. His claims about the "sentencing package doctrine" and about a "sufficiently tainted" sentence do not rely on *Davis* to invoke jurisdiction under Section 2255(h)(2) and this Court's caselaw. *See id.*

Indeed, Hall's argument for plenary resentencing seeks to treat any *Davis*-error as an infirmity in the sentencing *procedure*. *See Hall v. United States*, No. 4:19-CV-258-Y, Dkt. No. 1 at 18 ("Without resentencing, there would be

---

[1] Hall's motion actually cites to *Johnson v. United States*, 135 S. Ct. 2551 (2015), but Hall now seeks to invoke the rule of *Davis*.

an unacceptable risk that the jury's consideration of Count 6 affected the sentence it imposed for Count 1."). He explicitly disclaims any argument that the rule of *Davis*—a substantive rule—in any way substantively undermines his kidnapping conviction for which he was sentenced to death. *Hall v. United States*, No. 4:19-CV-258-Y, Dkt. No. 1 at 16. And Hall cannot use the rule of *Davis* to attack the jury's penalty-phase deliberations on an unrelated count. Certainly, the Supreme Court has not necessarily dictated that *Davis* works in the way that Hall suggests here, so Hall cannot rely on the rule of *Davis* to satisfy Section 2255(h)(2). *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011); *accord* 28 U.S.C. § 2255(h)(2). As a practical matter, moreover, Hall's claim makes little sense: There is no reason whatsoever to suspect that the jury would have declined to impose the death sentence for his horrific rape, kidnapping, and murder simply because he could not separately be held accountable for using a firearm during a crime of violence under the Supreme Court's most recent vagueness jurisprudence.

For these reasons, the government respectfully requests that the Court expedite its resolution of Hall's application. Although there are currently no impediments to scheduling Hall's execution—and, as noted, the Attorney General may do so at any time—the government respectfully submits that expediting the resolution of this application would be prudent. For the reasons

the government has already stated, Hall's application should be denied.  But if the Court does authorize a successive Section 2255 motion, it should make clear that the authorization is limited to challenging the constitutionality of Hall's Section 924(c) conviction because *Davis* does not entitle Hall to challenge his death sentence.

Respectfully submitted,

Erin Nealy Cox
United States Attorney

*s/ Leigha Simonton*
Leigha Simonton,
Chief, Appellate Division
Texas Bar No. 24033193

*s/ Brian McKay*
Brian McKay
Deputy Chief, Appellate Division
Texas Bar No. 24046395

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838

U.S. Attorney's Office
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

Attorneys for Appellee

## CERTIFICATE OF CONFERENCE

The government conferred with Robert Hochman, counsel for Hall, who is opposed to the government's motion.

The government also conferred with Jonathan F. Mitchell, counsel for amicus curiae, who is not opposed to expediting this Court's ruling.

*/s/ Jonathan Bradshaw*
Jonathan Bradshaw

## CERTIFICATE OF SERVICE

I certify that this document was served on Hall's attorney, Robert N. Hochman, through the Court's ECF system on September 28, 2020, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Jonathan Bradshaw*
Jonathan Bradshaw

## CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,105 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*/s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United State Attorney
Date:  September 28, 2020