No. 19-10345

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

*In Re*
ORLANDO CORDIA HALL,
Movant.

---

CAPITAL CASE

**OPPOSITION TO GOVERNMENT'S MOTION TO EXPEDITE
AND APPLICATION FOR STAY OF EXECUTION**

---

Robert C. Owen
LAW OFFICE OF
ROBERT C. OWEN, LLC
53 W. Jackson Blvd., Ste. 1056
Chicago, IL 60604
Tel.: 512-577-8329
robowenlaw@gmail.com

Marcia A. Widder
104 Marietta Street NW
Suite 260
Atlanta, GA 30303
Tel.: 404-222-9202
marcy.widder@garesource.org

Robert N. Hochman
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel.: 312-853-7000
Fax: (312) 853-7036
rhochman@sidley.com

Benjamin Gillig
SIDLEY AUSTIN LLP
555 California Street, Ste. 2000
San Francisco, CA 94104
Tel.: 415-772-1200
Fax: 415-772-7400
bgillig@sidley.com

# CERTIFICATE OF INTERESTED PARTIES

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. <u>MOVANT</u>:  Orlando Cordia Hall

2. <u>MOVANT'S ATTORNEYS</u>:  Robert C. Owen, Law Office of Robert C. Owen, LLC, 53 W. Jackson Blvd., Ste. 1056, Chicago, Illinois; Marcia A. Widder, 104 Marietta Street NW, Atlanta, Georgia 30303

3. <u>MOVANT'S PRO BONO ATTORNEYS</u>:  Robert N. Hochman, Sidley Austin LLP, One South Dearborn, Chicago, Illinois, 60603, and Benjamin Gillig, Sidley Austin LLP, 555 California Street, San Francisco, California, 94104

4. <u>RESPONDENT</u>:  United States of America

5. <u>RESPONDENT'S ATTORNEYS</u>:  Assistant United States Attorneys Jonathan Bradshaw and Leigha Simonton, U.S. Attorney for the Northern District of Texas, 1100 Commerce St., Third Floor, Dallas, Texas, 75242

6. <u>COURT-APPOINTED AMICUS CURIAE</u>: Jonathan F. Mitchell, Mitchell Law PLLC, 111 Congress Ave., Ste. 400, Austin, Texas 78701

*/s/ Robert N. Hochman*
Robert N. Hochman

*Counsel for Orlando Cordia Hall, Movant*

# **TABLE OF CONTENTS**

**Page**

Certificate of Interested Parties.................................................................. i

Table of Authorities .................................................................................. ii

Introduction .............................................................................................. 1

Background ............................................................................................... 3

Standards of review .................................................................................. 6

Argument .................................................................................................. 8

   I.     The Government's Motion to Expedite Should be Denied...... 8

   II.    This Court Should Stay Mr. Hall's Execution Until it can
           Resolve his Successive § 2255 Motion in Due Course ............ 12

     A.    Mr. Hall is Entitled to a Stay of Execution Because
            Substantial Legal Issues Remain Outstanding..................... 12

     B.    Mr. Hall is Entitled to a Stay Under the Equitable Factors  14

Conclusion ............................................................................................. 22

Certificate of Service.............................................................................. 24

Certificate of Compliance ...................................................................... 25

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Barefoot v. Estelle*,
463 U.S. 880 (1983) ........................................................................ 7, 12

*In re Bocanegra*,
No. 20-10311 (5th Cir. June 2, 2020) ................................................ 16

*Buck v. Davis*,
137 S. Ct. 759 (2017) ........................................................................ 20

*Cameron v. Bouchard*,
No. 20-1469, 2020 U.S. App. LEXIS 16741 (6th Cir. May
26, 2020) ........................................................................................... 10

*Crutsinger v. Davis*,
936 F.3d 265 (5th Cir. 2019)............................................................. 12

*In re Diggs*,
No. 19-11349 (5th Cir. Jan. 23, 2020)............................................... 16

*In re Franklin*,
950 F.3d 909 (6th Cir. 2020)............................................................. 15

*Gomez v. U.S. Dist. Court*,
503 U.S. 653 (1992) .......................................................................... 21

*In re Hall*,
No. 16-10670 (5th Cir. June 20, 2016) ............................................... 4

*In re Hammoud*,
931 F.3d 1032 (11th Cir. 2019).......................................................... 15

*In re Hearn*,
418 F.3d 444 (5th Cir. 2005).............................................................. 7

*Hill v. McDonough*,
547 U.S. 573 (2006) ........................................................................ 7, 8

*Hollis v. Lynch,*
827 F.3d 436 (5th Cir. 2016) .................................................................. 11

*Johnson v. Mississippi,*
486 U.S. 578 (1988) ............................................................................... 18

*Johnson v. United States,*
135 S. Ct. 2551 (2015) ................................................................. 3, 4, 15

*Light-Age, Inc. v. Ashcroft-Smith,*
922 F.3d 320 (5th Cir. 2019) .............................................................. 16

*Lonchar v. Thomas,*
517 U.S. 314 (1996) .............................................................................. 12

*In re Matthews,*
934 F.3d 296 (3d Cir. 2019) ................................................................ 15

*In re Mullins,*
942 F.3d 975 (10th Cir. 2019) ............................................................ 15

*Murphy v. Collier,*
942 F.3d 704 (5th Cir. 2019) .............................................................. 21

*Nelson v. Campbell,*
541 U.S. 637 ............................................................................................ 8

*Nken v. Holder,*
556 U.S. 418 (2009) ................................................................................ 8

*Pepper v. United States,*
562 U.S. 476 (2011) .............................................................................. 20

*Roane v. Gonzales,*
No. 05-2337 (D.D.C.) ........................................................................... 22

*In re Sauceda,*
No. 19-40692 (5th Cir., Oct. 17, 2019) ............................................. 15

*Sessions v. Dimaya,*
138 S. Ct. 1204 (2018) ...............................................................................

*In re Sparks*,
  657 F.3d 258 (5th Cir. 2011)...................................................... 7, 10, 16

*United States v. Benbrook*,
  119 F.3d 338 (5th Cir. 1997)............................................................. 19

*United States v. Davis*, 139 S. Ct. 2319 (2019)..................................... *passim*

*United States v. Davis*,
  903 F.3d 483 (5th Cir. 2018)............................................................... 4

*United States v. Dixon*,
  799 Fed. App'x. 308 (5th Cir. 2020)...................................................... 16

*United States v. Hall*,
  152 F.3d 381 (5th Cir. 1998)............................................................. 18

*United States v. Hayes*,
  589 F.2d 811 (5th Cir. 1979)............................................................. 18

*United States v. Reece*,
  938 F.3d 630 (5th Cir. 2019)............................................................. 15

*United States v. Wiese*,
  896 F.3d 720 (5th Cir. 2018)............................................................. 16

*Welch v. United States*,
  136 S. Ct. 1257 (2016) ........................................................... 4, 14, 15, 22

*In re Wilson*,
  442 F.3d 872 (5th Cir. 2006)............................................................... 5

*Zafiro v. United States*,
  506 U.S. 534 (1993) ...................................................................... 19

**Statutes**

18 U.S.C. § 924(c)(1)(A) (1994)............................................................ 3

18 U.S.C. § 1201(a)................................................................. *passim*

**Other Authorities**

Fifth Cir. R. 27.5 ........................................................................... 9

Fifth Cir. R. 47.5.4 ...................................................................... 16

Decoy, *Black's Law Dictionary* (11th ed. 2019) ......................................... 17

Inveigle, *Black's Law Dictionary* (11th ed. 2019) ...................................... 17

## INTRODUCTION

When considering Orlando Hall's application to file a successive § 2255 application, this Court took the unusual steps of appointing an amicus to brief an issue not disputed by the parties and holding oral argument. The Court quite clearly has already decided that the application merits careful consideration.

The government nonetheless filed a motion to expedite late in the evening on September 28, more than two months after the parties argued the merits of the application before this Court. The government's sole stated reason for suddenly demanding a ruling is that a district court in Washington, D.C. has lifted a preliminary injunction barring the government from executing Mr. Hall (and six other federal death row inmates for whom the government has chosen not to schedule execution dates). The government urges an expedited ruling because it wants to execute Mr. Hall. Without waiting for this Court to rule, and without even allowing Mr. Hall a reasonable amount of time to respond to its request to expedite this Court's ruling, the government, less than 2 days later, set Mr. Hall's execution for November 19.

The government's actions are an explicit threat to this Court's—and potentially the district court's—jurisdiction. The government's effort to rush a decision from this Court, both by its motion to expedite *and* by scheduling an execution that would render moot the expenditure of time and effort this Court has invested to date, upends the statutorily required procedure for considering Mr. Hall's application. Under that procedure, this Court must first determine whether to grant permission to file a successive § 2255 motion, which Mr. Hall is entitled to do so long as he meets the low standard of showing a *prima facie* claim. Only then will the district court consider the merits of his § 2255 motion, a motion that, if granted, would *entitle* him to resentencing.

At this late stage of these proceedings, the government's effort to nullify this lawsuit—effectively eliminating Mr. Hall's access to the courts by accelerating his execution—should not be indulged. The government's preference for executing Mr. Hall does not provide good cause to rush this Court's decision. Accordingly, the Court should stay Mr. Hall's execution pending resolution of this case, in order to preserve its jurisdiction and Mr. Hall's right of access to the

Court under the Constitution and federal statutory law.

## BACKGROUND[1]

Mr. Hall was convicted in 1995 of several charges, including kidnapping under 18 U.S.C. § 1201(a) (Count 1) and "us[ing] or carr[ying] a firearm" "during and in relation to [a] crime of violence" (Count 6). 18 U.S.C. § 924(c)(1)(A) (1994). Mr. Hall's Count 1 kidnapping conviction served as the predicate for the firearms charge in Count 6 under § 924(c)(3)(B)'s residual clause. Mr. Hall was thereafter sentenced to death on Count 1 and to varying terms of imprisonment on the remaining counts, including Count 6. The judgment was affirmed on appeal, and Mr. Hall's initial motion to vacate under 28 U.S.C. § 2255 was denied in 2006.

In 2015, the Supreme Court declared the residual clause in the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). A year later, it determined that *Johnson* had announced a new substantive rule that applied retroactively on collateral review because it

---

[1] A more fulsome background is supplied in Mr. Hall's Brief of June 15, 2020.

"alter[ed] 'the range of conduct or the class of persons that the [ACCA] punishes.'" W*elch v. United States*, 136 S. Ct. 1257, 1265 (2016) (citation omitted).[2]

In 2018, the Supreme Court reaffirmed its holding in *Johnson* and made clear it extended beyond the ACCA. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211-16 (2018). On a GVR from the Supreme Court in light of *Dimaya*, this Court concluded that the residual clause of § 924(c)(3)(B) was unconstitutionally vague as well. *United States v. Davis*, 903 F.3d 483, 485-86 (5th Cir. 2018) , *aff'd in part, vacated in part, remanded by United States v. Davis*, 139 S. Ct. 2319 (2019) (per curiam).

The Supreme Court again granted certiorari. It ultimately rejected the government's effort to save the statute by changing the legal framework for assessing statutory vagueness and affirmed this Court's view that § 924(c)(3)(B) was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2326.

While *Davis* was pending in the Supreme Court, Mr. Hall again

---

[2] Mr. Hall timely moved for authorization to file a successive § 2255 motion challenging his § 924(c) conviction based on *Johnson* and *Welch*.  This Court denied leave, reasoning that *Johnson* did not apply beyond the ACCA. *In re Hall*, No. 16-10670 (5th Cir. June 20, 2016) (unpublished).

moved in this Court for authorization to file a successive § 2255

motion challenging his § 924(c) conviction.[3] After the Supreme Court

affirmed in *Davis*, this Court requested supplemental briefing.

Although the government conceded that *Davis* applied retroactively

on collateral review, it argued that a successive petition should not be

allowed on the basis of merits-phase arguments regarding whether

Mr. Hall's § 924(c) conviction would remain valid without regard to

the unconstitutional residual clause because the kidnapping charge

(under § 1201) satisfied the so-called elements clause. *See* Gov't Br. of

June 15, 2020. Mr. Hall explained that the government's contentions

regarding the elements clause should be considered on the merits,

because his arguments easily satisfied the *prima facie* case standard

for allowing the application. *See* Hall Br. of June 15, 2020. Indeed, in

numerous jurisdictions across the country the government has

acknowledged that § 1201(a) cannot serve as a predicate for a § 924(c)

---

[3] To avoid any statute of limitations issue, Mr. Hall simultaneously filed a § 2255 motion (Dkt. 1) in the district court. *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006) (indicating that such a protective filing will avoid any statute of limitations issues). When the government sought dismissal of that protective motion for lack of authorization, the district court transferred the motion to this Court and closed the case. Dkt. 15. Pursuant to Fifth Circuit Rule 8.1, these and other relevant district court pleadings have been concurrently-filed as exhibits.

conviction under any circumstance. *See, e.g.*, Mr. Hall's 28(j) Letter of August 15, 2019 at 5.

Because the government agreed with Mr. Hall that *Davis* must apply retroactively, this Court appointed amicus curiae counsel to argue the contrary position, directed additional briefing, and announced it would hear oral argument. *See* Order dated March 18, 2020. This Court held oral argument to consider these issues on July 21, 2020. A decision on Mr. Hall's application to authorize a successive § 2255 motion is pending.

The government has apparently decided not to wait for this Court to complete its consideration of issues it viewed as sufficiently substantial to warrant additional briefing and oral argument. On September 28, the government informed Mr. Hall of its intent to file a motion to expedite. After Mr. Hall's counsel informed the government that Mr. Hall would oppose that motion, the government filed it that evening. Less than 48 hours later, the government scheduled Mr. Hall's execution for November 19.

## STANDARDS OF REVIEW

Because the government has set Mr. Hall's execution date while

this case is pending, there are now two distinct issues before the Court, each with its own governing standards of review.

To establish Mr. Hall's right to present his § 924(c) challenge in district court, Mr. Hall need only show that he "*might* be entitled to relief" such that a successive § 2255 motion should be authorized. *In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011) (per curiam) (emphasis added); *see also*, *e.g.*, *In re Hearn*, 418 F.3d 444, 447-48 (5th Cir. 2005) (in the successive-petition context, a prima facie showing means the movant must demonstrate that there is "sufficient, albeit slight, merit" to his proposed claim).

To obtain a stay of execution, Mr. Hall must demonstrate either that he is entitled to a stay as a matter of right, *see Barefoot v. Estelle*, 463 U.S. 880, 888 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c), or that he should receive a stay as a matter of equity, *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Under the former standard, a "death sentence cannot begin to be carried out by the [government] while substantial legal issues remain outstanding." *Barefoot*, 463 U.S. at 888. A "substantial legal issue" exists when there are "substantial grounds upon which relief might be granted" to the movant. *Id.* at

7

895. The logic is simple: courts should grant stays to "give non-frivolous claims of constitutional error the careful attention they deserve." *Id.* at 888–89.

Under the latter standard, Mr. Hall must satisfy the ordinary test for issuance of a stay. *See Hill*, 547 U.S. at 584. He must "ma[ke] a strong showing that he is likely to succeed on the merits," that he "will be irreparably injured absent a stay," that the "issuance of the stay will [not] substantially injure the other parties interested in the proceeding," and that "the public interest" favors a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009). These factors are not to be applied mechanically. Stays are matters of equity; a stronger showing on one element may offset a weaker showing on another. *See Hill*, 547 U.S. at 584; *see also Nelson v. Campbell*, 541 U.S. 637, 649–50.

## ARGUMENT

### I. The Government's Motion to Expedite Should be Denied.

The government's motion to expedite is based on a manufactured sense of urgency that should not disrupt this Court's orderly consideration of the issues before it. If this Court takes more time, the government's argument goes, the case will be mooted by

8

Mr. Hall's execution. Not only is the government's motion improper,
it also relies on arguments concerning the merits of Mr. Hall's
underlying § 2255 motion. As Mr. Hall has already argued, these
arguments should be made to the district court in the first instance.

*First*, the government's motion challenges this Court's inherent
authority to control its own docket. The government presumes to
instruct the Court that "expediting the resolution of this application
would be prudent." Gov't Br. of Sept. 28, 2020 ("Mot.") at 5. But it
does not explain why. No exigency is claimed and no special
circumstance is cited to justify the government's sudden haste.[4]
"Only the court may expedite an appeal and only for good cause. "
Fifth Cir. R. 27.5. The government's only ground for putting this
Court under pressure is its apparent desire to execute Mr. Hall.
Nothing requires the government to execute Mr. Hall on November
19 as opposed to after this Court has had the opportunity to address

---

[4] The motion fleetingly mentions "a significant recent development" in an out-of-circuit district court.  Mot. at 1.  But the vacatur of an injunction in another case raising different issues has *zero* effect on this Court's consideration of Mr. Hall's application.  And the government's brief does not say otherwise.  It merely concludes, without citation, that "[i]n light of these developments" this Court should accelerate its disposition of the present application.

his case in a considered decision. The government's seemingly whimsical insistence on pushing forward with that execution while this substantial case remains undecided cannot constitute "good cause" to expedite these proceedings. *Cf. Cameron v. Bouchard*, No. 20-1469, 2020 U.S. App. LEXIS 16741, at *8 (6th Cir. May 26, 2020) ("Oakland has shown good cause to expedite briefing and submission, given that the district court directed it to act in a short period of time to implement procedural safeguards and start evaluating certain inmates for possible release."). On this basis alone, the government's motion should be denied.

**Second**, the government's motion devotes itself entirely to legal arguments that are not properly before this Court at this time. *See* Mot. at 2–5. Many of the government's arguments go to Mr. Hall's *ultimate* entitlement to relief and what form that relief might take— questions for the district court in the first instance. *See* Hall Br. of June 15, 2020 at 17–18.[5] At the authorization phase, the only question is whether Mr. Hall has established that he "*might* be entitled to relief."

---

[5] The wisdom of addressing these questions to the district court in the first instance was also discussed at oral argument on July 21, 2020.

*In re Sparks*, 657 F.3d at 262 (emphasis added). And he has.

The motion's other arguments are entirely new. Never before has the government claimed that Mr. Hall's application for authorization is not a "jurisdictionally proper challenge." *See* Mot. at 2. Nor has it asserted that Mr. Hall would not be entitled to "plenary resentencing," or, if so, that such disentitlement would constitute a basis for denying his application for authorization with respect to a charge of which he is legally innocent. *See id.* at 4-5. If "[r]eply briefs cannot be used to raise new arguments," *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016), then surely arguments raised for the first time in a post-oral-argument motion to expedite are well out of bounds. Mr. Hall's request for permission to file a successive § 2255 motion is fully briefed and the case was submitted when oral argument concluded. The government's new arguments about why Mr. Hall should be denied permission to file a successive § 2255 motion are inapposite, improper, and out of time. The government's motion to expedite should be denied.

## II. This Court Should Stay Mr. Hall's Execution Until it can Resolve his Successive § 2255 Motion in Due Course.

The government is not permitted to moot a substantial case by killing the opposing party. Mr. Hall is entitled to a stay as of right under the Supreme Court's decision in *Barefoot* and, alternatively, under equitable stay factors. Accordingly, this Court should stay the execution until Mr. Hall's successive § 2255 motion is finally resolved.

## A. Mr. Hall is Entitled to a Stay of Execution Because Substantial Legal Issues Remain Outstanding.

A death sentence "cannot begin to be carried out . . . while substantial legal issues remain outstanding." *Barefoot*, 463 U.S. at 888. So long as the petitioner's claims of constitutional error are "non-frivolous," courts should stay executions to ensure these claims receive "the careful attention they deserve." *Id.* at 888–89; *see also generally Lonchar v. Thomas*, 517 U.S. 314, 320 (1996). In short, the Supreme Court's cases "stand for the unremarkable proposition that a petitioner may not be executed before a court has reviewed the merits of his habeas petition." *Crutsinger v. Davis*, 936 F.3d 265, 272 (5th Cir. 2019).

12

The outstanding legal issues in this case are undoubtedly substantial. First, the primary question at the permission phase is whether *Davis* is retroactively applicable on collateral review. Indeed, this question is so substantial that, although Mr. Hall and the government agreed on the answer, this Court exercised its discretion to appoint amicus to argue against retroactivity. *See* Order of March 18, 2020. Second, the question of Mr. Hall's ultimate entitlement to vacatur of his § 924(c) conviction is substantial—it implicates the core of the "merits of his habeas petition." *Davis*, 936 F.3d at 272; *see also* Hall Br. of June 15, 2020 at 17–18; Gov't Br. of June 15, 2020 at 9-11. And, third, whether Mr. Hall is entitled to plenary resentencing following that vacatur (he is) is a substantial legal issue to be resolved by the district court because it goes to the core of Mr. Hall's entitlement to relief.[6] The government should not be allowed to slam the door shut on deliberate and considered resolution of these legal questions by executing Mr. Hall before the federal courts can address them.

---

[6] As the government acknowledges, Mot. at 4–5, Mr. Hall has always maintained entitlement to plenary resentencing.  *See also* Dkt. 1 at 18.

**B.     Mr. Hall is Entitled to a Stay Under the Equitable Factors.**

Balanced together, the four stay factors clearly favor the grant of a stay to Mr. Hall. He is likely to succeed on the merits of his application for permission and his underlying § 2255 motion. There is a certainty of irreparable harm absent a stay. The balance of hardships swing decisively in Mr. Hall's favor. And a stay is in the public interest.

*Likelihood of success—permission phase: retroactivity.* Mr. Hall is substantially likely to succeed on the merits of his application for permission because he has demonstrated that *Davis* is retroactively applicable on collateral review. In *Tyler*, the Supreme Court explained that "[m]ultiple cases can render a new rule retroactive . . . if the holdings in those cases necessarily dictate retroactivity of the new rule." 533 U.S. at 666. *Tyler* compels the conclusion that *Davis* has already been made retroactive. *Welch* holds that a decision that limits the reach of a statute by declaring it void for vagueness constitutes a "substantive" rule—one that alters the range of conduct or class of persons *punishable* under the law—and accordingly is retroactive. *See Welch*, 136 S. Ct. at 1264-65. *Davis* alters

14

the range of conduct punishable under § 924(c)(3) in precisely the same manner that *Johnson* altered the range of conduct punishable under the ACCA. After *Davis*, Mr. Hall stands convicted under a statute that is "a nullity" because of unconstitutional vagueness. *Davis*, 139 S. Ct. at 2323. *Welch* makes plain that *Davis* is a substantive rule that applies retroactively. *See Welch*, 136 S. Ct. at 1264-65. The Supreme Court has thus "made" *Davis* retroactive "through multiple holdings that logically dictate the retroactivity of the new rule," *Tyler*, 533 U.S. at 668 (O'Connor, J., concurring). Indeed, the parties' consensus that *Davis* applies retroactively is consistent with the conclusion of almost every other circuit court to address the issue, as well as the decisions of other panels of this Court, which have granted leave to file successive § 2255 motions challenging § 924(c) convictions. *See, e.g., In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (prima facie case for authorization); *In re Franklin*, 950 F.3d 909, 910–11 (6th Cir. 2020) (per curiam); *In re Mullins,* 942 F.3d 975, 977–79 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019); *see also United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019), as revised (Sept. 30, 2019); *In re Sauceda*, No. 19-40692 (5th Cir., Oct. 17,

15

2019) (granting authorization); *In re Bocanegra*, No. 20-10311 (5th Cir. June 2, 2020); *United States v. Dixon*, 799 Fed. App'x. 308, 308-09 (5th Cir. 2020) (per curiam); *In re Diggs*, No. 19-11349 (5th Cir. Jan. 23, 2020) (same).[7]

*Likelihood of success—permission phase: force clause.* To start, these arguments are not really bases to deny permission to file a successive motion. To obtain authorization, Mr. Hall need only show that § 1201(a) *might* not set out a crime of violence. *In re Sparks*, 657 F.3d at 262; *see also United States v. Wiese*, 896 F.3d 720, 723-24 (5th Cir. 2018) (reserving to the district court the question of whether movant had established that his sentence rested on the residual clause), *cert. denied*, 139 S. Ct. 1328 (2019).

*Likelihood of Success—merits phase: force clause.* The government's force-clause arguments are meritless. Section 1201(a) is violated when a defendant "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or

---

[7] Although these unpublished decisions are not binding on this panel, the Court "may consider [them] as persuasive authority" for permitting Mr. Hall to file a second or successive petition. *Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 322 n.1 (5th Cir. 2019) (per curiam); *see also* 5th Cir. R. 47.5.4.

reward or otherwise any person . . . ," and proceeds to travel across state lines. 18 U.S.C. § 1201(a)(1). Thus, no proof is required that the defendant accomplished the kidnapping through use (or threat) of violent force capable of causing physical pain or injury. A defendant can be convicted for kidnapping the victim through inveigling ("lur[ing] or entic[ing] through deceit or insincerity") or decoying ("entic[ing] . . . without force"). Inveigle, *Black's Law Dictionary* (11th ed. 2019); Decoy, *Black's Law Dictionary* (11th ed. 2019). Neither inveigling nor decoying require the use or threat of physical force. As a result, construed under the categorical approach, § 1201(a) is not a crime of violence.

The same logic holds true for kidnapping "resulting in death." Like kidnapping simpliciter, "kidnapping resulting in death" does not require—i.e., have "as an element"—the intentional or even reckless use, attempted use, or threatened use of physical force. That is why the jury instruction in this case allowed the jury to convict without finding that there was any use or threatened use or attempted use or even reckless use of physical force. *See* Direct Appeal (5th Cir. No. 96-10178) Record Vol. 30 at 18–20, 25. There is no

17

scienter element of the "resulting in death" element of § 1201(a), which is an element having to do with the eligibility for punishment rather than substantive guilt. *See, e.g., United States v. Hall*, 152 F.3d 381, 416-17 (5th Cir. 1998) (agreeing that Mr. Hall could be convicted under § 1201(a) "regardless of [his] mental state . . . with respect to the death"); *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("No matter how you slice it, 'if death results' does not mean 'if death was intended.'").

*Likelihood of success — merits phase: resentencing*. When there is sufficient overlap between the elements of two crimes, constitutional infirmity in the former will infect the latter. *See* Dkt. 1 at 11–12. That is what happened here. The jury was instructed that, to convict Mr. Hall on the § 924(c) count, it had to find beyond a reasonable doubt that Mr. Hall (1) "committed the crime of interstate kidnapping as alleged in Count One of the Indictment," and (2) "knowingly used or carried a firearm during and in relation to [his] commission of the crime of interstate kidnapping." R. 31 at 25. These instructions rendered Mr. Hall's Count One kidnapping conviction inseparable from his Count Six § 924(c) conviction. "[J]uries are

presumed to follow their instructions," *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993), and Mr. Hall's jury was instructed to consider the two counts together. It is precisely these sorts of circumstances that has led the Solicitor General to concede that plenary resentencing is required. *See Davis,* 139 S. Ct. at 2336 (noting that "the government conceded that, if § 924(c)(3)(B) is held to be vague, then the defendants are entitled to a full resentencing, not just the more limited remedy" of vacating sentence on the invalidated counts); *see also United States v. Benbrook*, 119 F.3d 338, 340 (5th Cir. 1997) (holding that the government was entitled to resentencing when the court vacated a 924(c) conviction because a challenge to an "interdependent conviction[]" means there is "no expectation of finality in [the] original sentence, having put at issue the validity of the entire sentence."). Mr. Hall is likely to succeed in obtaining full resentencing.

At resentencing following vacatur of the 924(c) count, moreover, Mr. Hall would be entitled not only to demonstrate how the invalid charge impacted his remaining sentences, but to present evidence of his exceptional record of good conduct in prison during

the twenty-five years since trial and his successful rehabilitation. *See Pepper v. United States*, 562 U.S. 476, 481 (2011) ("a district court at resentencing may consider evidence of a defendant's postsentencing rehabilitation" and may impose a lesser sentence based on such evidence). That evidence bears directly on the jury's finding of future dangerousness and the viability of Mr. Hall's death sentence, and the district court may consider its impact in assessing whether the jury's death verdict was unreliable.

*Irreparable harm.* The irreparable harm here is plain: absent a stay, Mr. Hall will be put to death on November 19, 2020, without receiving a ruling on the merits of his application for permission or his underlying § 2255 motion.

*Balance of hardships*. The balance of hardships clearly favors Mr. Hall. Although the government has an interest in enforcing lawful judgments, the Supreme Court has held that the government suffers no injury when a stay merely allows an appeal to proceed "in the normal course." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017). That is all Mr. Hall seeks here: a stay that will allow his § 2255 motion to proceed to its conclusion.

Moreover Mr. Hall's application for a stay is not last minute. *See Gomez v. U.S. Dist. Court,* 503 U.S. 653, 654 (1992) (per curiam) (noting that the "balance of hardships" factor should take into account whether a stay application is last minute or manipulative of the habeas process). Mr. Hall filed his application for leave to file a successive 2255 petition in March 2019, more than a year before the government sought to schedule his execution. The government, on the other hand, abruptly moved to expedite this case for no reason and then, less than 48 hours later and without giving the Court a chance to address its motion to expedite, proceeded to schedule Mr. Hall's execution. This Court's observations in *Murphy v. Collier* fully apply here:

> [T]his is not a case where [Hall] filed a last-minute claim with his execution date looming. Here, the [government] set a[n] execution date on [September 30, 2020, a year and a half] after [Hall] filed his complaint. Therefore, [Hall] brought his claim 'at such a time as to allow consideration of the merits without requiring entry of a stay.' *It is the [government] that required entry of a stay by seeking an execution date while the parties were in the midst of litigation in [this Court] and before the [C]ourt had adequate time to resolve the claim.*

942 F.3d 704, 709 (5th Cir. 2019) (citation omitted; emphasis added).[8]

*Public interest.* The public interest favors a stay. Though the public has an interest in the finality of judgments, those interests are understood to be superseded when a retroactively-applicable new rule of constitutional law has bearing on a defendant's conviction and sentence. *See Welch*, 136 S. Ct. at 1264-65. As described above, the Supreme Court has—through its prior holdings—declared *Davis* retroactively applicable on collateral review. *See supra at* 14–16. Thus, in the end, the finality of Mr. Hall's judgment must give way to the constitutional prohibition against vague criminal statutes. He must be resentenced.

## CONCLUSION

For the foregoing reasons, the government's motion to expedite

---

[8] The government cannot credibly invoke the lifting of a preliminary injunction in the federal district court litigation in Washington, D.C., as justification for harrying this Court about the pace of its review.  For one thing, the government did not object to the entry of that injunction in Mr. Hall's favor; for another, it was solely responsible for eight solid years of delay in that lawsuit because it declined to announce a new execution protocol after abandoning its former one. *See generally Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF Nos. 38 (injunction); 288 (government's July 28, 2011 announcement that it would modify its execution protocol); 385 (government's July 25, 2019 announcement that it had adopted a new protocol).  The government's sudden claim of urgency rings hollow.

should be denied and Mr. Hall's application for a stay of execution should be granted.

Respectfully submitted,

*/s/ Robert N. Hochman*
Robert N. Hochman

*Counsel for Orlando Cordia Hall, Movant*

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, counsel for Mr. Hall conferred via email with counsel for the government and the court-appointed amicus. The government opposes a stay of execution. The amicus takes no position on a stay.

October 8, 2020        */s/ Robert N. Hochman*
Robert N. Hochman

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2020, an electronic copy of the foregoing brief was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, which will electronically serve all counsel of record in this case.

October 8, 2020                                  */s/ Robert N. Hochman*
                                                    Robert N. Hochman

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because it contains 4,551 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Book Antiqua font.

October 8, 2020　　　　　　　　*/s/ Robert N. Hochman*
　　　　　　　　　　　　　　　Robert N. Hochman