No. 19-10345

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

*In Re*
ORLANDO CORDIA HALL,
Movant.

---

CAPITAL CASE

**REPLY IN SUPPORT OF APPLICATION FOR STAY OF
EXECUTION**

---

Robert C. Owen
LAW OFFICE OF
ROBERT C. OWEN, LLC
53 W. Jackson Blvd., Ste. 1056
Chicago, IL 60604
Tel.: 512-577-8329
robowenlaw@gmail.com

Marcia A. Widder
104 Marietta Street NW
Suite 260
Atlanta, GA 30303
Tel.: 404-222-9202
marcy.widder@garesource.org

Robert N. Hochman
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel.: 312-853-7000
Fax: (312) 853-7036
rhochman@sidley.com

Benjamin Gillig
SIDLEY AUSTIN LLP
555 California Street, Ste. 2000
San Francisco, CA 94104
Tel.: 415-772-1200
Fax: 415-772-7400
bgillig@sidley.com

# **TABLE OF CONTENTS**

**Page**

REPLY ................................................................................................ 1

    I.     This Court Has Jurisdiction to Enter a Stay ................................ 1

    II.    This Court Should Enter a Stay ..................................................... 5

CONCLUSION ................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barefoot v. Estelle*,
  463 U.S. 880 (1983) ........................................................................ 3, 5

*In re Campbell*,
  750 F.3d 523 (5th Cir. 2014) ................................................................ 2

*Cheney v. United States Dist. Court for the Dist. Of Columbia*,
  542 U.S. 367 (2004) ............................................................................ 2

*In re Hall*,
  No. 16-10670 (5th Cir. June 20, 2016) (unpublished) ......................... 7

*Hill v. McDonough*,
  547 U.S. 573 (2006) ............................................................................ 3

*Johnson v. United States*,
  135 S. Ct. 2551 (2015) ........................................................................ 7

*Pepper v. United States*,
  562 U.S. 476 (2011) ............................................................................ 9

*Roane v. Gonzales*,
  No. 05-2337 (RWR), 2006 WL 6925754 (D.D.C., Feb. 27,
  2006) .................................................................................................. 6

*Sessions v. Dimaya*,
  138 S. Ct. 1204 (2018) ........................................................................ 7

*Skinner v. Switzer*,
  562 U.S. 521 (2011) ...................................................................... 2, 4, 8

*United States v. Benbrook*,
  119 F.3d 338 (5th Cir. 1997) ................................................................ 9

*United States v. Davis,*
    139 S. Ct. 2319 (2019) ............................................................ 7

*Welch v. United States,*
    136 S. Ct. 1257 (2016) ............................................................ 7

*Zafiro v. United States,*
    506 U.S. 534 (1993) ................................................................ 9

**Statutes**

28 U.S.C. § 1651 ........................................................................ 2

28 U.S.C. § 2253(c) ................................................................... 3

**REPLY**

The government's opposition[1] is wrong on the law and the equities. With this Court's undisputed jurisdiction to decide whether Mr. Hall's successive § 2255 motion *might* have merit comes the authority to preserve that jurisdiction against the government's attack. Moreover, the equities all cut in Mr. Hall's favor. The government claims that it must immediately carry out Mr. Hall's sentence because of the delay wrought by a recently-vacated injunction. But the government *consented* to entry of that injunction, and it is improper to lay at Mr. Hall's feet the blame for any resulting "delay." The government chose for more than a decade *not* to take the action necessary to lift the injunction it consented to having entered. The government cannot now use its own delay as an excuse to short circuit Mr. Hall's right to seek relief from this Court. The Court should enter a stay of execution.

## I.      This Court Has Jurisdiction to Enter a Stay.

The government suggests that Mr. Hall's request for a stay is

---

[1] Government's Opposition to Motion to Stay Execution, filed Oct. 16, 2020 ("Opp.").

not "jurisdictionally proper."  *See* Opp. at 9.  That is wrong.  The All Writs Act grants this Court near-plenary power to use stays to preserve its jurisdiction while litigation proceeds.  *See* 28 U.S.C. § 1651.  "Jurisdiction" is construed broadly.  *See generally Cheney v. United States Dist. Court for the Dist. Of Columbia*, 542 U.S. 367, 380 (2004).  For instance, stays of execution are proper even where a prisoner's case is a predicate to a subsequent claim that could vacate his sentence.  *Skinner v. Switzer*, 562 U.S. 521, 529 n.6, 534 (2011) (noting Supreme Court's entry of stay of execution to permit prisoner to litigate § 1983 claim which, if successful, would not result in relief from conviction and sentence, but only to further proceedings in which evidence might be developed that in turn would support still *further* litigation seeking that result).  *Skinner* demonstrates that this Court has jurisdiction to stay proceedings to preserve its jurisdiction without a showing by the petitioner that a favorable ruling would very likely undo his death sentence.  *Cf. In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014) (granting stay of execution to allow proceedings to determine whether petitioner is intellectually disabled and noting that, in a capital case, the movant does not need to "show a

2

'probability' of success on the merits," though he "must 'present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities (*i.e.* the other three factors) weighs heavily in the favor of granting the stay") (internal citations omitted).

Here, the government does not dispute that this Court has jurisdiction to decide whether to permit Mr. Hall to file a successive § 2255 motion. But the government nonetheless suggests that this Court lacks the power to protect that jurisdiction by barring the government from executing Mr. Hall in the meantime. Opp. at 9. That argument cannot withstand scrutiny. If this Court has the power to adjudicate Mr. Hall's application for permission (it does), then it has the power to preserve that jurisdiction by preventing the government from mooting this case by killing Mr. Hall. That is the essential purpose of a stay: to preserve the status quo while litigation proceeds. *See Barefoot v. Estelle*, 463 U.S. 880, 888 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c); *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

The government's arguments about resentencing do not change

that.  Even if Mr. Hall were not entitled to resentencing—though this is a merits-phase inquiry the district court is likely to resolve in Mr. Hall's favor, *see infra* at 7–9—he would still be entitled to a stay.  In *Skinner*, the Supreme Court stayed the petitioner's execution so it could consider his § 1983 claim even though that claim did not challenge the conviction and sentence and success on the claim, at most, "might" supply "exculpatory" evidence.  562 U.S. at 529 n.6, 534.  Indeed, the Court acknowledged that the prospect of exculpatory evidence was "hardly inevitable" and success on the § 1983 claim could just as easily "prove inconclusive or . . . might further incriminate" the petitioner.  *Id.* at 534.  But it stayed the petitioner's execution nonetheless.  *Id.* at 529 n.6 (citing 559 U.S. 1033 (2010)).  And for good reason.  Stays are about protecting the Court's ability to decide the merits of a case or controversy in due course.  Though they sometimes frustrate a party's desire for expedient resolution, stays help protect—and mark respect for—the Court's role: reaching the right answer.

Mr. Hall asks only that he be allowed to litigate his case to its conclusion.  The Court has the power to protect its jurisdiction over

that case by staying Mr. Hall's execution.

**II.    This Court Should Enter a Stay.**

The Court should exercise its authority to preserve the status quo while Mr. Hall's case proceeds.  None of the government's arguments demand a contrary conclusion.

First, the government essentially concedes that significant legal issues remain outstanding in this case.  Indeed, that was the sole basis for filing a motion to expedite—that substantial issues pending before the Court require resolution *before* Mr. Hall can be put to death.  That alone is sufficient to warrant a stay.  *See Barefoot*, 463 U.S. at 888; *see also* Hall Br. of Oct. 8, 2020 at 12 ("Br.").  The government is not permitted to simply foreclose consideration of Mr. Hall's case by scheduling him for execution.

Second, the equities cut in Mr. Hall's favor.  The government's brief makes much of the injunction that was recently lifted.  *See* Opp. at 1–2, 5–6, 20–21.  It suggests that the equities favor expediting Mr. Hall's execution because the government has had to wait so long to schedule it.  *Id.*  But none of the injunction-related "delay" should weigh in favor of the government here.  The injunction was originally

entered in 2006 with the government's *consent*, even *before* Mr. Hall was a party to the litigation. *See Roane v. Gonzales*, No. 05-2337 (RWR), 2006 WL 6925754, at *1 (D.D.C., Feb. 27, 2006); *id.* at Dkt. 7. In 2007, Mr. Hall moved to intervene and be added to the injunction, which barred the government from setting an execution date. *Id.* at Dkt. 36, 38. The government did not oppose these requests. In the succeeding 12 years, the government argued only once, more than a decade ago, in 2007, that the injunction should be lifted. *Id.* at Dkt. 59–61. But when the government lost that motion, *id.* Dkt. 67–68, it made no effort to appeal that loss to the D.C. Circuit. And the government made no further move to lift the injunction for the next 12 years, until 2019. Any delay in moving this case toward execution, accordingly, is attributable to the government, not Mr. Hall. This ground alone strongly supports entry of a stay of execution

Critically, it was during this lengthy period during which the government desisted from pursuing Mr. Hall's execution that the substantial legal basis arose for Mr. Hall to assert the claim presently before this Court. And Mr. Hall has diligently pressed that claim. In 2016, Mr. Hall timely moved for authorization to file a successive

§ 2255 motion challenging his § 924(c) conviction based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). This Court denied permission, reasoning that *Johnson* did not apply beyond the ACCA. *In re Hall*, No. 16-10670 (5th Cir. June 20, 2016) (unpublished). In 2019, Mr. Hall initiated this case following the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which made clear that *Johnson*'s logic applied to other criminal statutes as well. Indeed, his motion was filed before the Supreme Court even decided *United States v. Davis*, 139 S. Ct. 2319 (2019). The equities clearly favor allowing Mr. Hall to litigate his motion to a determination on the merits rather than foreclosing that opportunity so the government can avoid the consequences of its own delay.

The equities likewise favor granting a stay because Mr. Hall is sufficiently likely to prevail on the merits of his claims and obtain plenary resentencing. As explained in Mr. Hall's motion for a stay (Mot. at 16–18), the government's argument that the force clause of 924(c) supports his conviction (Opp. at 20) is both wrong and, more importantly, should not be addressed at this stage of the proceeding.

7

The government now also asserts that Mr. Hall's § 924(c) conviction had nothing to do with his kidnapping conviction and thus cannot support a stay of execution. Opp. at 13–19. But the government's arguments ignore the plain language of the jury instructions, which made the § 924(c) conviction dependent on the kidnapping conviction. *See* Direct Appeal (5th Cir. No. 96-10178) Record Vol. 30 at 12-14.[2] As instructed, the jury could not have convicted Mr. Hall under § 924(c) without also convicting him of kidnapping. *Id.* This connection is far more robust than the one in *Skinner*, where the petitioner's death sentence was stayed so he could pursue a § 1983 claim that "might" permit him to engage in discovery that "might" uncover some exculpatory evidence, though it was "hardly inevitable" that would occur. 562 U.S. at 529 n.6, 534. If this uncertain overlap between a § 1983 claim and a death sentence are enough to warrant a stay, then surely Mr. Hall's jury instructions' explicit coupling of his kidnapping and § 924(c) convictions suffice to

---

[2] The § 924(c) count had as its first element: "committed the crime of interstate kidnapping as alleged in Count One of the Indictment."

warrant a stay.[3]  Mr. Hall is entitled to a stay so that he can pursue this claim, and any subsequent rights to resentencing that follows from succeeding in this case.

In all events, Mr. Hall would be entitled at resentencing to present evidence of his exceptional record of good conduct in prison during the twenty-five years since trial and his successful rehabilitation.  *See Pepper v. United States*, 562 U.S. 476, 481 (2011).  That evidence goes to future dangerousness and the viability of Mr. Hall's death sentence, and the district court may consider its impact in assessing whether the jury's death verdict was unreliable.

In sum, there are important legal questions as yet undecided in this case.  Moreover, the equities strongly favor grant of a stay.  This Court should stay Mr. Hall's execution until it resolves his application for permission to file a successive § 2255 motion and, should it grant permission, until his § 2255 motion is litigated to its

---

[3] *See also generally Zafiro v. United States*, 506 U.S. 534, 540-41 (1993) ("[J]uries are presumed to follow their instructions.") (internal citation omitted); *United States v. Benbrook*, 119 F.3d 338, 340 (5th Cir. 1997) (holding that the government may seek plenary resentencing upon vacatur of one count of conviction, and supplying no reason why a defendant may not do the same).

conclusion.

## CONCLUSION

For the foregoing reasons, Mr. Hall's application for a stay of execution should be granted.

Respectfully submitted,

*/s/ Robert N. Hochman*
Robert N. Hochman

*Counsel for Orlando Cordia Hall,*
*Movant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2020, an electronic copy of the foregoing brief was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, which will electronically serve all counsel of record in this case.

October 22, 2020

*/s/ Robert N. Hochman*
Robert N. Hochman

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because it contains 1858 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Book Antiqua font.

October 22, 2020                    */s/ Robert N. Hochman*
                                    Robert N. Hochman